UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD P. NOEL | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. |
| | ) |
| FIDELITY INVESTMENTS | ) |
| INSTITUTIONAL SERVICES | ) 1: 08-cv-0222-SEB-TAB |
| COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Richard P. Noel ("Noel"), by counsel, hereby files this Complaint against Fidelity Investments Institutional Services Company, Inc. ("Defendant" or "Fidelity") for declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA").

## PARTIES

1. Noel is a resident of Marion County, Indiana and is a qualified individual with a disability under the ADA as he is, among other qualifying things, profoundly deaf and communicates in American Sign Language ("ASL").

2. Defendant, Fidelity, is a foreign corporation that is conducting business in the State of Indiana, with an office located in Indianapolis, Indiana.

## JURISDICTION, VENUE AND STANDING

3. The United States District Court for the Southern District of Indiana has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this case raises questions under Title III of the ADA, 42 U.S.C. § 12181 et seq.

4. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because the Defendant may be found in this judicial district and the challenged conduct occurred in this judicial district.

5. There is a real and immediate threat of future harm, and there is a likelihood that Noel will return to a Defendant location, and it is also likely that Noel will suffer blatant discrimination at the hands of Defendant; in support thereof Noel alleges the following to establish standing:

    a. Noel requires the services of a financial services company for financial planning and investing;

    b. Noel desires to learn about the financial planning and investment services offered by Defendant;

    c. Noel lives in close proximity to Defendant's Indianapolis, Indiana, branch office;

    d. Noel communicates in American Sign Language and requires a qualified sign language interpreter for complex financial transactions and discussions.

    e. Defendant refused, and continues to refuse, to provide a qualified sign language interpreter for Noel, despite his requests. Defendant failed to maintain a policy of providing effective communication to its deaf and hard of hearing customers, and in fact has a policy under which Defendant will not provide sign language interpreters for its clients.

    g. Noel has a definite need and desire to return to Defendant and meet with a representative of Defendant regarding his future financial planning needs.

## **FACTS**

6. On or about February 8, 2008, Noel contacted Defendant's Indianapolis, Indiana office via telephone relay to make an appointment wherein he could go to the office and discuss his future financial planning needs.

7. Noel identified himself as being deaf, and requested that Defendant provide a sign language interpreter for the meeting.

8. Noel was informed that Defendant does not provide interpreters, and they have not done so in the past.

9. Noel was advised it would work best if he could bring someone in to interpret for him.

10. Noel asked if he could speak with the manager regarding acquiring an interpreter for the meeting. Noel was informed that the manager was on the telephone and that Noel should call back later in the afternoon to speak with her.

11. Later that same afternoon, Noel contacted Defendant's Indianapolis, Indiana branch again to talk to the manager.

12. Noel did not get to speak to the manager, but was placed on hold while the individual who answered the call went and spoke with the manager. Upon his return, Noel was informed that Defendant does not and will not provide a sign language interpreter for an "in person" meeting.

13. Noel still desires to meet with a representative regarding his financial needs.

14. Defendant has refused to provide a qualified sign language interpreter and has denied services to Noel.

15. Defendant has also implemented and enforced a policy in violation of the ADA.

Because of his disability, Noel is being excluded from receiving equal services from Defendant.

16. Defendant willfully, knowingly and intentionally discriminated against Noel in violation of Title III of the ADA.

## COUNT I

### DEFENDANT VIOLATED TITLE III OF THE ADA

17. Noel incorporates by reference the allegations in paragraphs 1-16 of this Complaint.

18. Noel is an individual with a disability under Title III of the ADA and meets the essential eligibility requirements for Defendant's services at all times relevant hereto.

19. Defendant is a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

20. Defendant violated Title III of the ADA when it:

   a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

   b. Failed to ensure that communications with Noel were as effective as communications with hearing patients;

   c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Noel; and

   d. Excluded Noel from services and denied Noel the benefit of these services due to his disability.

21. Noel has been and will continue to be denied access to, and the benefit of, services available from Defendant because Noel has a definite need and intention to go to an

office of Defendant in the future.

22. Noel has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations set forth in this Complaint. Noel has a reasonable fear he will continue to be discriminated against in violation of the ADA unless he is afforded injunctive relief by the Court.

23. Noel has been obligated to retain undersigned counsel for the filing and prosecution of this action. Noel is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

24. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Noel injunctive relief.

**WHEREFORE** Plaintiff, Richard P. Noel, respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

    a. To cease discrimination against Noel and other deaf and hard of hearing individuals;

    b. To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c. To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

    d. To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure

effective communication with deaf and hard of hearing persons.

   e. Award reasonable costs and attorney's fees; and

   f. Award any and all other relief that may be necessary and appropriate.

               Respectfully submitted,

               _____
               Philip J. Gibbons, Jr. (#19353-49)

               _____
               Elizabeth A. Joseph (# 24968-29)

               Attorneys for Plaintiff, Richard P. Noel

GIBBONS JONES, P.C.
10401 North Meridian Street, Suite 300
Indianapolis, Indiana 46290
Telephone: (317) 706-1100
Facsimile: (317) 616-3335
E-mail: pgibbons@gibbonsjones.com
     ejoseph@gibbonsjones.com